# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## EDDIE WILLIAMS, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 8601091     Lee V. Coffee, Judge**

---

**No.  W2011-00202-CCA-R3-PC  - Filed June 9, 2011**

---

The Petitioner, Eddie Williams, Jr., appeals the Criminal Court of Shelby County's dismissal of his pro se petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the post-conviction court's order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Eddie Williams, Jr., pro se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark Bryan Thornton, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On May 12, 1986, the Petitioner pled guilty to petit larceny and was sentenced to one year in the Shelby County Workhouse.  No appeal was taken from the judgment.  In August 1987, the Petitioner was charged with two armed robberies, was convicted of the charges, and received two concurrent life sentences as a Range II persistent offender.  This Court affirmed the convictions on appeal.  See State v. Eddie Williams, No. 20, 1988 Tenn. Crim. App. LEXIS 798 (Tenn. Crim. App., Dec. 28, 1988), perm. to appeal denied (Tenn. Apr. 16, 1989).

The Petitioner filed post-conviction relief petitions in March and May 1990 challenging his armed robbery convictions. In addition to other issues raised, the Petitioner alleged that his prior convictions had been improperly used to enhance his sentence. See Eddie Williams, Jr. v. State, No. 02C01-9501-CR-0016, 1995 Tenn. Crim. App. LEXIS 781, at **2-3 (Tenn. Crim. App., at Jackson, Sept. 20, 1995), perm. to appeal denied (Tenn. Jan. 29, 1996). The post-conviction court consolidated the petitions and denied relief following an evidentiary hearing. This Court affirmed the judgment of the post-conviction court. See Eddie Williams, Jr. v. State, No. 02-C-01-9202-CR-00041, 1993 Tenn. Crim. App. LEXIS 368 (Tenn. Crim. App., at Jackson, June 16, 1993), perm. to appeal denied (Tenn. Nov. 1, 1993).

In August 1992, while the first post-conviction case was pending on appeal, the Petitioner filed another post-conviction relief petition challenging his armed robbery convictions. His claims included trial counsel's failure to challenge his prior convictions and the "misuse" of his prior convictions to enhance his sentence. The post-conviction court dismissed the petition, and this Court affirmed the dismissal on appeal. See Eddie Williams, Jr., 1995 Tenn. Crim. App. LEXIS 781, at *6.

On March 13, 2000, the Petitioner filed a post-conviction relief petition challenging the validity of his prior convictions used to enhance his life sentence, including his May 1986 plea for petit larceny. Eddie Williams, Jr. v. State, No. W2000-00879-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 669, at **2-3 (Tenn. Crim. App., at Jackson, Aug. 22, 2000), perm. to appeal denied (Tenn. Jan. 8, 2001). The Petitioner maintained that the prior convictions were based upon unknowing and involuntary guilty pleas dating from January 1976 to May 1986. Id. at *3. The post-conviction court dismissed the petition as time-barred, and this Court affirmed the judgment on appeal. Id. at *5.

The Petitioner then filed a series of petitions for writ of habeas corpus challenging the enhancement of his sentences for the armed robbery convictions due to the trial court's reliance on his prior convictions. In each instance, the trial court either denied relief following a hearing or dismissed the petition, and this Court affirmed the judgment of the trial court. See Eddie Williams, Jr. v. Jim Worthington, Warden, No. E2009-00355-CCA-R3-HC, 2010 Tenn. Crim. App. LEXIS 186 (Tenn. Crim. App., at Knoxville, Feb. 22, 2010), perm. to appeal denied (Tenn. Aug. 25, 2010); Eddie Williams, Jr. v. David Mills, Warden, No. W2003-02352-CCA-R3-HC, 2004 Tenn. Crim. App. LEXIS 86 (Tenn. Crim. App., at Jackson, Jan. 30, 2004).

On November 15, 2010, the Petitioner filed a petition for post-conviction relief with regarding to his guilty plea to petit larceny entered on May 12, 1986. The Petitioner alleged that trial counsel was ineffective in failing to inform him that any evidence of a prior

conviction may be presented to any other court for determining punishment for a subsequent conviction. The Petitioner further alleged that during the plea hearing, the trial court failed to adhere to the requirements of Boykin v. Alabama, 395 U.S. 238 (1969), and State v. Mackey, 553 S.W.2d 337 (Tenn. 1977). On November 18, 2010, the post-conviction court dismissed the petition as time-barred. The Petitioner filed a timely notice of appeal to this Court.

In 1986, the legislature enacted a three-year statute of limitations for post-conviction petitions. T.C.A. § 40-30-102 (1990) (repealed 1995). The Petitioner filed the post-conviction relief petition more than twenty-four years after the judgment was final. However, the Petitioner maintains that due process concerns require that the statute of limitations be tolled.

A court may also consider an untimely petition if applying the statute of limitations would deny the petitioner due process. Burford v. State, 845 S.W.2d 204, 209-10 (Tenn. 1992). To determine if due process requires tolling of the statute of limitations, a court must:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). Due process requires a weighing of the petitioner's liberty interest against the state's interest in preventing the litigation of stale and fraudulent claims. Id.

A petitioner must include allegations of fact in the petition establishing either timely filing or tolling of the statutory period. State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001). "Failure to include sufficient factual allegations of either compliance with the statute or incompetence requiring tolling will result in dismissal." Id. The Petitioner's allegations do not raise a due process concern that would require tolling of the statute of limitations. Accordingly, the post-conviction court properly dismissed the Petitioner's post-conviction relief petition as time-barred.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the

finding of the trial judge.  See Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  Accordingly, it is ordered that the State's motion is granted.  The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
ALAN E. GLENN, JUDGE